## ST. PAUL TITLE INSURANCE & TRUST COMPANY v. SVERKE O. JOHNSON and Others.[1]

May 25, 1896.

Nos. 9704—(20).

**Title Insurance—Subrogation of Insurer to Rights of Mortgagee.**

The defendant Johnson executed a real-estate mortgage to secure the payment of his promissory note, and, as further security for the payment of the note, he and his co-defendants executed to the mortgagee a bond, conditioned that he would complete a certain building on the mortgaged premises, pay and discharge all claims for labor and material furnished for the building, and all liens on account thereof, and indemnify and save harmless the mortgagee from all such claims and liens, and from all damage or loss arising therefrom, including expenses incurred in clearing or satisfying the same. The plaintiff then issued its policy of insurance of title, guarantying the mortgagee that his mortgage was the first lien on the premises, and agreeing to indemnify him against prior liens. Johnson having failed to pay certain claims for labor and material furnished for the completion of the building, the same became liens on the premises superior to the lien of the mortgage. Plaintiff, as insurer of the title, paid off these liens, and ob-

[1] Reported in 67 N. W. 543.

.tained an assignment of the bond from the mortgagee. *Held*, that plaintiff had a cause of action on the bond to recover the amount it had paid out to satisfy the liens.

Appeal by defendant Knauft from an order of the district court for Ramsey county, Charles D. Kerr, J., denying a motion for a new trial, after findings and order for judgment in favor of plaintiff for $749.81. Affirmed.

*Westfall & Darragh*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

MITCHELL, J.   The defendant Johnson borrowed $4,000 from the Minnesota Loan & Trust Company, and executed to that company his promissory note for the amount, secured by a mortgage upon the lands described in the complaint. At the same time, and as further security for the payment of this note, Johnson and his co-defendants executed to the loan and trust company a bond, which, after reciting the execution of the note and mortgage by Johnson to secure a loan for the purpose of erecting and completing a building on the mort-gaged premises, was conditioned that he would complete the building, pay and discharge all claims and demands for labor and material furnished for the building, and all liens on account thereof, and in-demnify and save harmless the loan and trust company from all such claims, and all liens on account of, or arising out of, the same, and from any and all damage or loss arising therefrom, including ex-penses of litigation arising therefrom, or incurred in clearing or satis-fying the same. Thereafter plaintiff issued to the loan and trust company its policy of insurance of title, guarantying that the mort-gage already referred to was a first lien on the premises, and agreeing to indemnify the mortgagee against prior liens. It was provided in the policy that, if the plaintiff should be compelled to pay any sums under its policy, it should be subrogated to all the rights of the mort-gagee, its successors or assigns, under the mortgage, or otherwise. Thereafter the loan and trust company assigned the mortgage and the bond referred to to one Peck. Peck still holds and owns the mort-gage.

Subsequently certain claims for labor and material furnished for the construction of the building on the mortgaged premises were ad-judged liens thereon superior to the lien of the mortgage. No ques-

tion is made as to the existence or amount of these liens, or that they were in fact superior to the lien of the mortgage. Plaintiff thereupon paid and satisfied these liens, as it was bound to do under its policy, and obtained from Peck an assignment of the bond. It then brought this action on the bond, to recover the money which it had expended to satisfy the liens.

This statement of the facts is all that is necessary to show that the case was rightly decided in favor of the plaintiff. If Peck, the assignee of the mortgagee, had paid off the liens, he would have had a cause of action on the bond to recover the amount thus paid out. He would not have been compelled to wait until his mortgage matured, and then foreclose, in order to ascertain if the premises would bring enough to pay both the mortgage debt and the amount paid to discharge prior liens, and then sue on the bond for the deficiency, if any. Defendant's counsel conceded this on the argument. The bond may be, as counsel suggests, one of indemnity, and that the obligee must allege and prove loss or damage. But that loss or damage is sustained when he has to pay off liens on the property, which, by the terms of the bond, the obligors should have paid, or caused to be paid. One of the conditions of the bond was that the obligors would indemnify the obligee from any expense incurred in clearing or satisfying liens on the property. But it makes no difference whether the holder of the mortgage, in the first instance, paid off the liens, or whether the plaintiff paid them off, as obligated by its policy. When the plaintiff, as insurer of the title, paid them off, it was entitled, as between itself and defendants, to be subrogated to the mortgagee's rights in all securities which he held to protect his interest as mortgagee against the liens. As between the mortgagee and the plaintiff, the latter's right of subrogation would have been subject to the paramount right of the former to the securities, as indemnity against other liens; but, as the holder of the mortgage has voluntarily assigned the bond to the plaintiff, no such question is involved in this case.

Order affirmed.